### Choice Care v. State Farm Mut. Auto. Ins. Co.
### Case No. C-880720
### Hamilton County, (1st)
### Decided February 21, 1990
[Cite as 1 AOA 20]

Frost & Jacobs and Walter E. Haggerty, Esq., 2500 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio, 45202, and Roger C. Stridsberg, Esq., 914 Main Street, Suite 200, Cincinnati, Ohio 45202, for Plaintiff-Appellant,

Cash, Cash, Eagen & Kessel and Melvin J. Kessel, Esq., 300 Main Street, Cincinnati, Ohio 45202, for Defendant-Appellee.

PER CURIAM.

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and oral arguments of counsel.

Defendant-appellee State Farm Mutual Automobile Insurance Company (State Farm) issues automobile insurance policies which provide coverage for medical expenses for injuries accidentally incurred by the insured and the insured's spouse, relatives and passengers while occupying a vehicle insured by State Farm or as result of being struck as a pedestrian by a motor vehicle. Plaintiff-appellant Choice Care is a health-maintenance organization which provides health insurance to its subscribers. When medical expenses are incurred by a common insured as a result of an automobile accident, the coverages provided by Choice Care and State Farm overlap.

The contract of insurance issued by Choice Care contains a coordination-of-benefits clause which states that "a plan with no provision for coordination of benefits has primary responsibility." The coordination-of-benefits clause contained in State Farm's policy applies only where a State a Farm insured is eligible to receive benefits under other automobile medical-payments coverage. For purposes of this appeal, we will accept the proposition that State Farm is primarily liable for medical expenses related to injuries sustained by a common insured in an automobile accident. In certain situations, Choice Care has paid benefits to common insureds where State Farm is primarily liable. Choice Care requested reimbursement from State Farm for those payments. State Farm has refused to honor Choice Care's request, stating that in the absence of a written assignment from State Farm's insureds to Choice Care, State Farm's policy does not permit it to make such reimbursement payments to Choice Care.

Choice Care filed the within complaint for declaratory judgment, seeking a declaration that State Farm is liable to reimburse Choice Care for medical payments made by Choice Care to common insureds for which State Farm is primarily liable. Both parties filed motions for summary judgment. The trial court granted State Farm's motion and denied Choice Care's motion. Choice Care timely appealed.

Choice Care's sole assignment of error alleges the trial court erred in granting State Farm's motion for summary judgment and in denying Choice Care's summary-judgment motion.

State Farm's policy provides in pertinent part:

> Payment of Medical Expenses. We may pay the injured person or any person or organization performing the services.

The medical-payment provision of State Farm's policy does not authorize it to pay medical-coverage benefits to a health-maintenance organization such as Choice Care, which has paid for medical expenses of a common insured. State Farm has no contractual relationship with Choice Care. Choice Care has no direct or third-party contractual rights which it may assert against State Farm. The coordination of benefits under Choice Care's policy is a contractual matter between Choice Care and its insureds. Choice Care's coordination-of-benefits provision in pertinent part states:

Choice Care is entitled to:

\* \* \*

4. Recover any payments made to members if those payments are duplicated by another plan of benefits.

Pursuant to its contract of insurance, Choice Care's remedy is to recover payments which it made, but for which it is not primarily liable, from its insureds.

Further, no independent right to collect duplicate payments from State Farm arises on Choice Care's behalf by operation of law. The coordination-of-benefits clause in Choice Care's policy does not create an equitable assignment in Choice Care's favor from its insureds; the clause merely gives Choice Care the right to coordinate benefits as to its insureds, and to collect from its insureds any payments it may have made for which it is not primarily liable. Choice Care's assignment of error is overruled.

The judgment of the trial court is affirmed.

SHANNON, P.J., DOAN and GORMAN, JJ.